**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ESTATE OF HARRIET BALL, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-3021 |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY, as Trustee for GSAMP Trust § | |
| 2005-NC1, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Priscilla Franks filed this suit as the independent executrix of the estate of Harriet J. Ball. Franks alleged that the defendants' foreclosure on, and foreclosure sale of, residential property owned by Harriet J. Ball before her death in February 2011, violated Texas law. The defendants, Deutsche Bank National Trust Co. a/k/a Deutsche Bank Trust Corp., GSAMP Trust 2005-NC1, and Ocwen Loan Servicing, LLC, owned or serviced the mortgage on the Ball property. In the first amended complaint, (Docket Entry No. 29), Franks alleged that the defendants' foreclosure and foreclosure sale were flawed because the defendants did not communicate with her, either before or after her appointment as executrix, from November 2011 through March 2013, including when the foreclosure sale was held in October 2012.

Franks also alleged that after the sale, representatives sent by the defendants entered the property, where Franks was living. The defendants sent a crew to remove personal property from the home, telling them that Franks had been evicted but refused to leave the home. According to Franks, no writ of eviction had issued before the men came into the house. The men saw her with

no clothes on and allegedly "remained and gawked." (Docket Entry No. 29, ¶ r). Franks also alleged that the people the defendants sent into the home while Franks was still living there removed or broke items.

In January 2014, the defendants obtained a writ of possession to the home. Franks then filed a bankruptcy petition on behalf of the estate of Harriet Ball and "made a demand upon Defendants to redeem the subject property." (*Id.*, ¶ gg). She alleged that the writ of possession authorized the defendants to, and that they did, take personal property items that should have been exempt under the Texas Property Code, §§ 42.001 and 42.002, totaling approximately $48,937.00, but offered to return only $14,000.00. (*Id.*, ¶ mm).

In this lawsuit, Franks asserts causes of action for breach of her equitable right of redemption, invasion of privacy, trespass, conversion of personal property, and violations of the Texas Fair Debt Collection Act. All her alleged claims and damages arise out of the foreclosure of the Ball property — which Franks did not own — under a defaulted mortgage — to which Franks was not a party — and Franks's eviction from the home — where she had been living without any payment. She seeks an injunction, damages, including for physical pain and mental anguish, loss of earning capacity, and attorneys' fees.

The defendants moved for summary judgment. (Docket Entry No. 47). Franks, proceeding *pro se* after two attorneys withdrew from representing her, did not file a response despite ample opportunity to do so.

The pleadings, the motion and submissions, the summary judgment evidence, and the applicable law lead to the conclusion that there is no evidence on which the plaintiffs are entitled

2

to relief and that the defendants are entitled to judgment as a matter of law. The summary judgment motion is granted and final judgment is entered by separate order. The reasons are set out below.

## I.     The Summary Judgment Standard

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'— that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's

claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## II.     Discussion

### A.     The Claim of an Equitable Right of Redemption

Franks asserts that the defendants breached the right of the estate of Harriet Ball and her own right of Franks as executrix to the equitable right of redemption. She cites *Peugh v. Davis*, 96 U.S. 332 (1877), as her only authority. As the defendants point out, however, this right, assuming it applies, would only permit a mortgage borrower to compel a mortgage lender to transfer the property back to the borrower after the mortgage debt was satisfied. It is undisputed that the debt in this case was not satisfied. Instead, the default remained and led to the foreclosure. The defendants are entitled to summary judgment dismissing this claim.

### B.     The Claims for Invasion of Privacy, Trespass, and Conversion

The claims for invasion of privacy, trespass, and conversion are based on the allegations that the defendants sent representatives, including realtors, inspectors, and a "trash crew," to the property after the foreclosure sale to secure and maintain the residence and to remove personal property left there after the foreclosure sale. Franks alleges that these individuals came onto the property and into the house without authorization; intentionally intruded on her private affairs in a manner that, viewed objectively, would be highly offensive, unreasonable, and unwarranted; and took property that was exempt under the Texas Property Code. (Docket Entry No. 29, at 10-12). The record

4

shows no triable issue on any of these claims.

The defendants had title to the property after the October 2012 foreclosure and foreclosure sale. (Docket Entry No. 29, ¶ 4.h; Docket Entry No. 47-1). The defendants, not the estate and not Franks, had title to the property after October 2012. After Franks repeatedly refused to leave the property, in January 2014, the defendants obtained a court-ordered writ of possession to forcibly evict her. There is no basis in the record to find a triable issue on invasion of privacy, trespass, or conversion based on the defendants' acts in having realtors, inspectors, and other workers enter property to which the defendants had title to secure it and to remove its contents. These claims fail as a matter of law.

The elements of privacy invasion in Texas are: "(1) an intentional intrusion; (2) upon the seclusion, solitude, or private affairs of another; (3) which would be highly offensive to a reasonable person." *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 253 (Tex. App.–Houston [1st Dist.] 1993, no pet.). "Additionally, courts have required that the intrusion be unreasonable, unjustified, or unwarranted." *Id.* There is no summary judgment evidence that the defendants, who had title to the property, had agents enter the property intending to intrude on Franks's private affairs, much less to do so in an objectively offensive manner, or that their presence was without justification.

The elements of trespass are: "(1) the plaintiff owns or has a right to lawfully possess the property; (2) the defendant entered the plaintiff's [property] and the entry was physical, intentional, and voluntary; and (3) the defendant's trespass caused injury to the plaintiff." *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.–Fort Worth 2006, pet. denied). The summary judgment evidence shows that Franks, not the defendants or their agents, was the trespasser.

The elements of conversion are: "(1) the plaintiff owned or legally possessed the property or was entitled to its possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's ownership rights; (3) the plaintiff demanded the property's return; and (4) the defendant refused to return it." *Small v. Small*, 216 S.W.3d 872, 877 (Tex. App.–Beaumont 2007, pet. denied). The evidence shows that removing personal property from the residence after foreclosure and the issuance of the writ of possession does not give rise to a conversion claim. The evidence also shows that the property was stored and was the subject of a turnover order in the second bankruptcy suit Franks filed. There is no evidence of either a wrongful exercise of dominion and control over the plaintiff's personal property, or of a refusal to return it when a proper demand was made.

Summary judgment is granted dismissing the claims for invasion of privacy, trespass, and conversion.

### D.     The Claim for Violating the Texas Debt Collection Act

Franks alleges that the defendants violated the Texas Debt Collection Act, Tex. Fin. Code. § 392.304(a), by using fraudulent, deceptive, or misleading representations in connection with the foreclosure on the home and the eviction of Franks. (Docket Entry No. 29, at 16-18); *see also* Tex. Fin. Code § 392.304(a)(4), (8), (19). There is no evidence that the defendants were debt collectors or engaged in debt-collection activities within the statute. *See O'Dea v. Wells Fargo Home Mortgage*, No. 4:10-cv-4755, 2013 WL 441461, at *9 (S.D. Tex. Feb. 5, 2013) (granting summary judgment dismissing plaintiff's foreclosure-based TDCA claims under § 392.304(a)(4) because "a 'debt collector' for purposes of the TDCA does not include a mortgage servicing company" and there was "no evidence that [Wells Fargo's] inspector was a 'debt collector' independent of his

association with Wells Fargo for purposes of inspecting the collateral"). Nor is there evidence supporting Franks's allegations of fraudulent, deceptive, or misleading representations. *See Fath v. BAC Home Loans*, No. 3:12-cv-1755, 2013 WL 3203092, at *9 (N.D. Tex. June 25, 2013) (granting summary judgment dismissing plaintiff's foreclosure-based TDCA claims under §§ 392.304(a)(8) and 392.304(a)(19) because the plaintiff failed to provide "any evidence" that the defendants used "deceptive means" to collect a debt or "made false or misleading assertions regarding the character, extent, or amount of the debt").

Summary judgment is granted dismissing the claim for violating the Texas Debt Collection Act.

**IV.   Conclusion**

The defendants' motion for summary judgment dismissing Franks's claims, (Docket Entry No. 47), is granted. Final judgment is entered by separate order.

SIGNED on April 10, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge